The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and THE THOUGHT & EXPRESSION CO., INC., a Virginia corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AMANDEEP SINGH, an individual; and BHUSHAN KUMAR, an individual; and DOES 1-10,<br><br>Defendants. | No. 2:24-cv-01464-LK<br><br>**PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE**<br><br>WITHOUT ORAL ARGUMENT<br><br>NOTE ON MOTION CALENDAR: OCTOBER 16, 2024 |

### I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (collectively, "Amazon"), and The Thought & Expression Co. d/b/a Thought Catalog ("Thought Catalog," and with Amazon, "Plaintiffs") respectfully move the Court for an order authorizing Plaintiffs to complete service of process by email on Defendants Amandeep Singh ("Singh") and Bhushan Kumar ("Kumar") (collectively, "Defendants") because Plaintiffs' investigation confirms that Defendants are located at unknown locations overseas, likely in India; Plaintiffs have been unable to serve Defendants by conventional means; and email service is the most likely means to provide actual notice of this lawsuit to Defendants because Defendants registered certain email addresses with

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 1
(2:24-cv-01464-LK)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Amazon that have been used as the primary means of communication from Amazon to Defendants. Plaintiffs sent test emails to the registered email addresses, which confirmed that the email addresses remain functional (i.e., Plaintiffs did not receive error notices or bounce back messages).

## II. BACKGROUND

### A. Defendants' Selling Accounts.

On September 13, 2024, Plaintiffs filed the Complaint alleging claims for copyright infringement, trademark infringement, false designation of origin under the Lanham Act, and violations of the Washington Consumer Protection Act, arising from Defendants' unlawful sale of infringing Thought Catalogue-branded books in the Amazon.com store (the "Amazon Store") in violation of Amazon's policies and Thought Catalogue's intellectual property rights. *See* Complaint, Dkt. 1.

Defendants sold infringing Thought Catalogue-branded books through four Amazon selling accounts (the "Selling Accounts").[1] Declaration of Rob Garrett ("Garrett Decl.") ¶ 4. Defendants registered email addresses in order to create their Selling Accounts, access Amazon Seller Central,[2] and conduct business through their Selling Accounts. *Id.* ¶ 5. These email addresses are also the primary means of communication from Amazon to Defendants. *Id.* Plaintiffs recently emailed Defendants at their email addresses, and Plaintiffs confirmed that the email address registered by each Defendant remains functional (i.e., Plaintiffs received no error notice or bounce back messages for those emails). Declaration of Scott Commerson ("Commerson Decl.") ¶ 7.

Amazon offers third-party sellers and brand owners the ability to sell products in the Amazon Store by registering selling accounts. Garrett Decl. ¶ 3. Amazon uses advanced technology and expert human reviewers to verify the identities of potential sellers. *Id*. When prospective sellers apply to sell in Amazon's stores, they are required to provide a form of

---

[1] The Selling Accounts are (1) Augstin Retail, (2) Borning, (3) Smarktabs, and (4) Golden Store.

[2] "Seller Central" is the online portal that sellers use to access their selling accounts, list products for sale, manage sales and inventory, track payments and returns, and manage advertising programs, among other things.

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 2
(2:24-cv-01464-LK)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

government-issued photo ID, along with other information about their business. *Id*. Amazon employs advanced identity detection methods such as document forgery detection, image and video verification, and other technologies to quickly confirm the authenticity of government-issued IDs and whether such IDs match the individual applying to sell in Amazon's stores. *Id*. In addition to verifying IDs, Amazon's systems analyze numerous data points, including behavior signals and connections to previously detected bad actors, to detect and prevent risks. *Id*. Despite these efforts, a small number of bad actors attempt to circumvent Amazon's systems by submitting fraudulent and deliberately false information to Amazon, as Defendants did here. *Id*.

### B. Plaintiffs' Investigation into Defendants.

Plaintiffs conducted substantial investigation into the Selling Accounts. Commerson Decl. ¶ 2. Namely, Plaintiffs' investigators researched the information Defendants provided to Amazon when they registered their Selling Accounts. *Id*. ¶¶ 2-5. This investigation revealed that Defendants sought to evade Amazon's seller verification processes by providing Amazon with misleading or fraudulent documents and information in connection with their Selling Accounts. *Id*. ¶ 2. Specifically, Plaintiffs' investigation determined that Defendants registered their Selling Accounts with information that, though valid, was either fraudulently submitted or unrelated to the real individuals and entities operating these Selling Accounts. *Id.*; Garrett Decl. ¶ 6.

In a further effort to identify and locate Defendants, on February 26, 2024, Plaintiffs obtained account and transaction information relating to bank accounts that Defendants provided to Amazon in connection with their Selling Accounts. Commerson Decl. ¶ 3. Specifically, Plaintiffs obtained information from Payoneer Inc. ("Payoneer") related to virtual bank accounts that Defendants provided to Amazon when registering their Selling Accounts in order to receive and transfer proceeds from their sale of products in the Amazon Store. *Id*. Payoneer's information revealed that Defendants Singh and Kumar each registered Payoneer bank accounts that were linked to at least one Selling Account. *Id*. Based on their control over the financial accounts that were registered to receive disbursements from infringing sales made by the Selling

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 3
(2:24-cv-01464-LK)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Accounts, it is reasonable to infer that Defendants control the respective Selling Accounts' activities.

The information from Payoneer also disclosed potential physical addresses for Defendants in the United States and India, which Plaintiffs provided to their investigators. Commerson Decl. ¶¶ 4-5. However, Plaintiffs' investigators were not able to confirm that Defendants resided at the addresses associated with their Payoneer accounts, nor that those addresses were related to infringing activity. *Id*. Moreover, Plaintiffs' investigators have been unable to identify any other current known address for Defendants in India or elsewhere despite their diligent efforts. *Id.*

The Payoneer information further indicated that the overwhelming majority of IP addresses from which each Defendant accessed their respective Payoneer account traced back to India. *Id*. ¶ 6. The Payoneer information further revealed that nearly all of the bank accounts linked to Singh's Payoneer account are located in India, and that the sole bank account linked to Kumar's Payoneer account is also located in India. *Id.*

### C.   Request for Alternative Service.

Plaintiffs' extensive investigative efforts identified the true identities of Defendants, and narrowed their locations to India; however, Plaintiffs have not located valid physical addresses for service associated with any Defendant. Commerson Decl. ¶¶ 4-5. Instead, Plaintiffs determined that Defendants registered their Selling Accounts using largely falsified or misleading information, including fraudulent identifying documents and physical addresses. Commerson Decl. ¶ 2; Garrett. Decl. ¶ 6.

Amazon's records reflect that Defendants provided email addresses to Amazon in order to create their Selling Accounts, access Seller Central, and do business in the Amazon Store. Garrett Decl. ¶¶ 4-5. In order to confirm that the email accounts remain functional, Plaintiffs emailed Defendants at their registered email addresses on October 9, 2024. Commerson Decl. ¶ 7. Plaintiffs did not receive any error notices or bounce back messages in response to the

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 4
(2:24-cv-01464-LK)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

emails registered by each Defendant. *Id*. Plaintiffs thus have confirmed that those email accounts remain active and now seek to serve Defendants through those email accounts. *Id*.

### III. ARGUMENT

**A.  Service of Process by Email Comports with Federal and International Law.**

Proper service requires satisfying both Rule 4 of the Federal Rules of Civil Procedure and constitutional notions of due process. *See generally Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). To eliminate unnecessary technicalities and cost, Rule 4 provides several options for effectuating service in foreign countries and expressly grants courts broad discretion to authorize service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *see also Rio Props.*, 284 F.3d at 1015 ("[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) . . . [S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'"). Due process requires only that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, Plaintiffs believe Defendants reside in India, which, like the United States, is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). *See* Commerson Decl., ¶¶ 2, 6.[3] The Hague Convention, however, does not apply where, as here, "the address of the person to be served with the document is not known." Hague Convention, arts. 1, 15 (available at https://www.hcch.net/en/instruments/conventions/specialised-sections/service) (last accessed Sept. 7, 2023); *see Amazon.com, Inc. v. Bamb Awns*, 2023 WL 2837076, at *2 (W.D. Wash. Apr. 7, 2023) (granting plaintiffs' motion for alternative service via email where defendant's address was unknown). And, even in cases where the Hague Convention does apply, courts in the Ninth Circuit and elsewhere have held that Federal Rule of Civil Procedure 4(f)(3) and the Hague

---

[3] *See* Contracting Parties, Hague Conference on Private International Law, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited October 4, 2024).

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 5
(2:24-cv-01464-LK)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Convention both allow for service via email on defendants in India. *See*, *e.g.*, *Meyer v. Mittal*, 2022 WL 1000774, at *2 (D. Or. Apr. 4, 2022) (granting motion to serve defendants in India via email); *Shinde v. Nithyananda Found.*, 2014 WL 12597121, at *6–7 (C.D. Cal. Aug. 25, 2014) (granting motion to serve defendants in India via Facebook and email); *Fed'n of the Swiss Watch Indus. FH v. Bestintimes.me*, 2022 WL 17987245, at *1 (S.D. Fla. Nov. 3, 2022) (granting motion to serve defendants via email in several foreign countries, including India); *Berluti SA v. Berlutishoeoutlet.com*, 2020 WL 6078055, at *1-2 (S.D. Fla. Apr. 9, 2020) (same).

Courts in the Ninth Circuit also recognize that where, as here, defendants have made email their preferred means of contact, service by email not only comports with due process requirements, it is actually the preferred method of reaching the defendant. *See, e.g.*, *Rio Props.*, 284 F.3d at 1016-18; *Sirowl Tech.*, 2020 WL 7122846, at *3; *Dafang HaoJiafu Hotpot Store*, 2021 WL 4307067, at *1; *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017), *report & recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

Finally, courts in the Ninth Circuit have routinely granted requests to serve defendants via email where, as here, plaintiffs first sent "test" emails to relevant email addresses in order to ensure that those addresses are valid and thus able to provide defendants with actual notice. Where test emails are not returned as undeliverable, these courts deemed defendants' email addresses proper methods for service. *See, e.g., Amazon.com, Inc. v. KexleWaterFilters*, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023) (finding that service on email addresses is likely to provide defendants notice of the lawsuit where test messages received no error messages or bounce-back messages); *Yong*, 2023 WL 3075636, at *4 (same); *Amazon.com, Inc. v. Ackary,* 2023 WL 4581785, at *3 (W.D. Wash. July 18, 2023) (same); *Phmn9y3v*, 2023 WL 4581812, at *3-4 (same); *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, 2021 WL 165013, at *3 (S.D. Cal. Jan. 19, 2021).

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 6
(2:24-cv-01464-LK)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

**B.    Service on Defendants' Email Addresses Is Reasonably Calculated to Provide Actual Notice.**

Here, Defendants registered email addresses with Amazon in order to create their Selling Accounts, access Amazon's Seller Central, and conduct business through their Selling Accounts. Garrett Decl. ¶¶ 4-5. Plaintiffs now seek to serve Defendants at those email addresses. Plaintiffs believe that these email addresses are active and are reasonably calculated to provide actual notice, for two reasons: (1) these emails are the primary means of communication from Amazon to Defendants (*see id.*); and (2) Plaintiffs recently sent "test" emails to each of the Defendants' email addresses, and have confirmed that at least one of their registered email addresses for each Defendant remains functional (Commerson Decl. ¶ 7).

Thus, service on Defendants through the email addresses registered with their Selling Accounts and used by Amazon to communicate with Defendants is reasonably calculated to provide Defendants with actual notice. *See Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (email service comported with due process because defendants were "involved in commercial internet activities" and "rel[ied] on electronic communications to operate their businesses," and plaintiff had valid email addresses for defendants). Plaintiffs respectfully request that the Court authorize service of the Summons and Complaint (as well as this motion and pleadings in support) on Defendant Amandeep Singh through the email addresses registered with the Augstin Retail Selling Account: retailagustin@gmail.com; the Borning Selling Account: borningllc.panorama@gmail.com; and the Smarktabs Selling Account: smarktabs.panorama@gmail.com; and on Defendant Bhushan Kumar through the email address registered with the Golden Store Selling Account: goldenstore.panorama@gmail.com. *See* Proposed Order.

Plaintiffs will use an online service, RPost (www.rpost.com), that provides proof of authorship, content, delivery, and receipt. Commerson Decl. ¶ 8. Following the Court's approval, Plaintiffs will provide the Court with confirmation of completed service by email.

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 7
(2:24-cv-01464-LK)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court authorize Plaintiffs to serve Defendants by registered email through certain email addresses associated with their Selling Accounts.

DATED this 16th day of October, 2024.

*I certify that this memorandum contains 2,095 words, in compliance with the Local Civil Rules.*

        DAVIS WRIGHT TREMAINE LLP
        *Attorneys for Plaintiffs*

        *s/ Scott Commerson*
        Scott Commerson, WSBA #58085
        865 South Figueroa Street, Suite 2400
        Los Angeles, CA 90017-2566
        Tel: (213) 633-6800
        Fax: (213) 633-6899
        Email: scottcommerson@dwt.com

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 8
(2:24-cv-01464-LK)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax