The Honorable Lauren King
The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and THE THOUGHT & EXPRESSION CO., INC., a Virginia corporation,

Plaintiffs,

v.

AMANDEEP SINGH, an individual; and BHUSHAN KUMAR, an individual; and DOES 1-10,

Defendants.

No. 2:24-cv-01464-LK-BAT

**PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE**

WITHOUT ORAL ARGUMENT

NOTE ON MOTION CALENDAR: OCTOBER 24, 2024

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (collectively, "Amazon"), and The Thought & Expression Co. d/b/a Thought Catalog ("Thought Catalog," and with Amazon, "Plaintiffs") respectfully move the Court for an order authorizing Plaintiffs to complete service of process by email on Defendants Amandeep Singh ("Singh") and Bhushan Kumar ("Kumar") (collectively, "Defendants") because Plaintiffs' investigation confirms that Defendants are located at unknown locations overseas, likely in India; Plaintiffs have been unable to serve Defendants by conventional means; and email service is the most likely means to provide actual notice of this lawsuit to Defendants because Defendants registered certain email addresses (1)



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

with Amazon that have been used as the primary means of communication from Amazon to Defendants, and (2) with a financial service provider used in connection with certain Amazon selling accounts. Plaintiffs sent test emails to these email addresses, which confirmed that the email addresses remain functional (i.e., Plaintiffs did not receive error notices or bounce back messages).

## II. BACKGROUND

### A. Defendants' Selling Accounts.

On September 13, 2024, Plaintiffs filed the Complaint alleging claims for copyright infringement, trademark infringement, false designation of origin under the Lanham Act, and violations of the Washington Consumer Protection Act, arising from Defendants' unlawful sale of infringing Thought Catalogue-branded books in the Amazon.com store (the "Amazon Store") in violation of Amazon's policies and Thought Catalogue's intellectual property rights. *See* Complaint, Dkt. 1.

Defendants sold infringing Thought Catalogue-branded books through four Amazon selling accounts (the "Selling Accounts").[1] Declaration of Rob Garrett ("Garrett Decl.") ¶ 4. Defendants registered email addresses in order to create their Selling Accounts, access Amazon Seller Central,[2] and conduct business through their Selling Accounts. *Id.* ¶ 5. These email addresses are also the primary means of communication from Amazon to Defendants. *Id.*

Amazon offers third-party sellers and brand owners the ability to sell products in the Amazon Store by registering selling accounts. Garrett Decl. ¶ 3. Amazon uses advanced technology and expert human reviewers to verify the identities of potential sellers. *Id*. When prospective sellers apply to sell in Amazon's stores, they are required to provide a form of government-issued photo ID, along with other information about their business. *Id*. Amazon employs advanced identity detection methods such as document forgery detection, image and video verification, and other technologies to quickly confirm the authenticity of government-

[1] The Selling Accounts are (1) Augstin Retail, (2) Borning, (3) Smarktabs, and (4) Golden Store.

[2] "Seller Central" is the online portal that sellers use to access their selling accounts, list products for sale, manage sales and inventory, track payments and returns, and manage advertising programs, among other things.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

issued IDs and whether such IDs match the individual applying to sell in Amazon's stores. *Id*. In addition to verifying IDs, Amazon's systems analyze numerous data points, including behavior signals and connections to previously detected bad actors, to detect and prevent risks. *Id*. Despite these efforts, a small number of bad actors attempt to circumvent Amazon's systems by submitting fraudulent and deliberately false information to Amazon, as Defendants did here. *Id*.

**B. Plaintiffs' Investigation Into Defendants.**

Plaintiffs conducted substantial investigation into the Selling Accounts. Declaration of Scott Commerson ("Commerson Decl.") Commerson Decl. ¶ 2. Namely, Plaintiffs' investigators researched the information Defendants provided to Amazon when they registered their Selling Accounts. *Id*. ¶¶ 2-5. This investigation revealed that Defendants sought to evade Amazon's seller verification processes by providing Amazon with misleading or fraudulent documents and information in connection with their Selling Accounts. *Id*. ¶ 2. Specifically, Plaintiffs' investigation determined that Defendants registered their Selling Accounts with information that, though valid, was either fraudulently submitted or unrelated to the real individuals and entities operating these Selling Accounts. *Id.*; Garrett Decl. ¶ 6.

In a further effort to identify and locate Defendants, on February 26, 2024, Plaintiffs obtained account and transaction information relating to bank accounts that Defendants provided to Amazon in connection with their Selling Accounts. Commerson Decl. ¶ 3. Specifically, Plaintiffs obtained information from Payoneer Inc. ("Payoneer") related to virtual bank accounts that Defendants provided to Amazon when registering their Selling Accounts in order to receive and transfer proceeds from their sale of products in the Amazon Store. *Id*. Payoneer's information revealed that Defendants Singh and Kumar each registered Payoneer bank accounts that were linked to at least one Selling Account. *Id*. Based on their control over the financial accounts that were registered to receive disbursements from infringing sales made by the Selling Accounts, it is reasonable to infer that Defendants control the respective Selling Accounts' activities.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

The information from Payoneer also disclosed potential physical addresses for Defendants in the United States and India, which Plaintiffs provided to their investigators. Commerson Decl. ¶¶ 4-5. Plaintiffs' investigators were not able to confirm that Defendants resided at the addresses associated with their Payoneer accounts, nor that those addresses were related to infringing activity. *Id*. Plaintiffs' investigators also have been unable to identify any other current known address for Defendants in India or elsewhere despite their diligent efforts. *Id.*

The Payoneer records indicated that the overwhelming majority of IP addresses from which each Defendant accessed their respective Payoneer account traced back to India. *Id.* ¶ 6. The Payoneer information further revealed that nearly all of the bank accounts linked to Singh's Payoneer account are located in India, and that the sole bank account linked to Kumar's Payoneer account is also located in India. *Id.*

Also disclosed in Payoneer's records were the email addresses that Defendants Singh and Kumar used to register, access, and operate their respective financial accounts. *Id.* ¶ 7 Payoneer's information included the dates on which Defendants Singh and Kumar accessed and conducted transactions through those financial accounts. *Id*.

**C. Request for Alternative Service.**

Plaintiffs' extensive investigative efforts identified the true identities of Defendants, and narrowed their locations to India; however, Plaintiffs have not located valid physical addresses for service associated with any Defendant. Commerson Decl. ¶¶ 4-5. Instead, Plaintiffs determined that Defendants registered their Selling Accounts using largely falsified or misleading information, including fraudulent identifying documents and physical addresses. Commerson Decl. ¶ 2; Garrett. Decl. ¶ 6.

Amazon's records and the information from Payoneer demonstrate that Defendants recently used certain email addresses to access and use their associated Selling Accounts or financial accounts. Commerson Decl. ¶ 7; Garrett. Decl. ¶¶ 4-5.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Amazon's records show that Defendant Singh last used his email addresses registered with Amazon to access the following Selling Accounts: (1) the Augstin Retail Selling Account on June 5, 2023; (2) the Borning Selling Account on June 1, 2023; (3) the Smarktabs Selling Account on June 5, 2023. Garrett Decl. ¶¶ 6-8. Amazon's records also show that Defendant Kumar last used her email address registered with Amazon to access the Golden Store Selling Account on June 7, 2023. Garrett Decl. ¶¶ 6-8. Payoneer's records demonstrate that Defendant Singh last used his email address registered with Payoneer to access and transfer funds through a Payoneer financial account on February 2, 2024. Commerson Decl. ¶ 7. Payoneer's records also demonstrate that Defendant Kumar last used her email address registered with Payoneer to withdraw funds on January 11, 2024. *Id.*

Plaintiffs believe that these email addresses remain functional. To confirm this, Plaintiffs emailed Defendants at those email addresses on October 21, 2024. *Id.* ¶ 8. Plaintiffs did not receive any error notices or bounce back messages in response to the email. *Id*. Plaintiffs thus have confirmed that those email accounts remain active and now seek to serve Defendants through those email accounts. *Id*.

## III. ARGUMENT

### A. Service of Process by Email Comports with Federal and International Law.

Proper service requires satisfying both Rule 4 of the Federal Rules of Civil Procedure and constitutional notions of due process. *See generally Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). To eliminate unnecessary technicalities and cost, Rule 4 provides several options for effecting service in foreign countries and expressly grants courts broad discretion to authorize service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *see also Rio Props.*, 284 F.3d at 1015 ("[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) . . . [S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'"). To seek alternative service under this rule, a plaintiff must demonstrate only "that the facts and circumstances of the present case necessitate[] the district court's intervention," and that the



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

method of service "comport[s] with constitutional notions of due process" and is not prohibited by international agreement. *Rio*, 284 F.3d at 1015-16. Due process requires only that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**1. Service by Email Is Permitted by the Hague Convention.**

Here, Plaintiffs believe Defendants reside in India, which, like the United States, is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). *See* Commerson Decl., ¶¶ 2, 6.[3] The Hague Convention, however, does not apply where, as here, "the address of the person to be served with the document is not known." Hague Convention, arts. 1, 15 (available at https://www.hcch.net/en/instruments/conventions/specialised-sections/service) (last accessed October 17, 2024); *see Amazon.com, Inc. v. Bamb Awns*, 2023 WL 2837076, at *2 (W.D. Wash. Apr. 7, 2023) (granting plaintiffs' motion for alternative service via email where defendant's address was unknown). And, even in cases where the Hague Convention does apply, courts in the Ninth Circuit and elsewhere have held that Federal Rule of Civil Procedure 4(f)(3) and the Hague Convention both allow for service via email on defendants in India. *See, e.g.*, *Meyer v. Mittal*, 2022 WL 1000774, at *2 (D. Or. Apr. 4, 2022) (granting motion to serve defendants in India via email); *Shinde v. Nithyananda Found.*, 2014 WL 12597121, at *6–7 (C.D. Cal. Aug. 25, 2014) (granting motion to serve defendants in India via Facebook and email); *Fed'n of the Swiss Watch Indus. FH v. Bestintimes.me*, 2022 WL 17987245, at *1 (S.D. Fla. Nov. 3, 2022) (granting motion to serve defendants via email in several foreign countries, including India); *Berluti SA v. Berlutishoeoutlet.com*, 2020 WL 6078055, at *1-2 (S.D. Fla. Apr. 9, 2020) (same).

Accordingly, service by email is permitted under federal and international law.

---

[3] *See* Contracting Parties, Hague Conference on Private International Law, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited October 4, 2024).



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

**2. Service by Email Is Reasonably Calculated to Give Defendants Notice.**

In evaluating whether email is "reasonably calculated" to give defendants notice of an action, courts consistently find that email satisfies due process when certain criteria are met.

First, courts consider whether defendants conduct their business through the internet, and whether email has been the defendants' preferred method of communication. *See, e.g.*, *Rio*, 284 F.3d at 1016-18 (permitting email service where defendant "embraced the modern e-business model and profited immensely from it … and structured its business such that it would be contacted *only* via its email address"); *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) ("Because email has been zealously embraced within the business community, email service is proper when a company has structured its business such that it could only be contacted via its email address, and email is the method of communication the company utilizes and prefers.") (internal quotation marks and citation omitted), *report and recommendation adopted by* 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018); *Phmn9y3v*, 2023 WL 4581812, *4 (granting plaintiffs' motion for alternative service via email on defendants where defendants "structured their counterfeit business such that they can only be contacted by email"); *Ackary*, 2023 WL 4581785, *4 (same).

Second, courts consider whether physical addresses for defendants can be located, and thus, whether email is the most likely available means to provide notice to defendants. *See Keck v. Alibaba.com, Inc.*, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) (email service granted where physical addresses of defendants could not be located); *Bright Sols.*, 2017 WL 10398818, at *7 (email service granted where "Defendants structured their counterfeit business such that they could only be contacted by email."); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) (email service granted where foreign defendants' physical addresses were unknown); *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *1 n.2, *3 (N.D. Cal. Mar. 27, 2012) (same).

Third, courts consider whether defendants are deliberately attempting to evade service of process. *See Rio*, 284 F.3d at 1016, 1018 ("Indeed, when faced with an international e-business



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process").

Finally, courts consider whether plaintiffs can demonstrate prior use of subject email addresses. *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 810250, at *3-4, (D. Ariz. Mar. 3, 2011) (allowing alternative service by email where plaintiff had previously communicated with the defendant by email); *Keck*, 2018 WL 3632160, at *2 (several defendants responded to plaintiffs' email messages). This Court approved recent requests for alternative service via email where plaintiffs demonstrated that relevant defendant email addresses were used to access financial accounts in the several months preceding plaintiffs' request, and thus were proper avenues through which to notify defendant of an action. *Amazon.com, Inc. v. Zhenyong Dong*, No. 2:21-cv-00159-TL, Dkt. 49 (W.D. Wash. Aug. 29, 2023) (Tsuchida, M.J.); *Amazon.com, Inc. v. Tang*, No. 2:23-cv-00898-TMC-BAT, Dkt. 20 (W.D. Wash. Feb. 23, 2024) (Tsuchida, M.J.).

Importantly, the Ninth Circuit has rejected the notion that service "reasonably calculated" to give defendants notice of the action required certainty that it would actually reach the defendants. *Rio*, 284 F.3d at 1017. The Ninth Circuit permitted email service on the defendant despite limitations on email service at that time, including that there may be "no way to confirm receipt of the email message."[4] *Id.* at 1018. It also noted with approval that courts have authorized other means of service that did not ensure actual receipt, including notice by publication, mail to a defendant's last known address, and notice by "telex."[5] *Id.* at 1016 (collecting cases); *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (condoning service of process by publication); *Int'l Controls Corp. v. Vesco,* 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by mail to last known address); *Smith v. Islamic Emirate of Afghanistan*, 2001

[4] Nearly 20 years later, certain limitations the Ninth Circuit referenced in *Rio* with respect to email service have been remedied with technological advancements. Here, for example, Plaintiffs are seeking to serve Defendants using the online service, RPost, which does provide confirmation that the email was delivered to Defendants' email addresses. Commerson Decl. ¶ 9.

[5] Telex was an international system used to send written messages electronically prior to the rise of fax machines in the 1980s. *See* COLLINS DICTIONARY (*available at* https://www.collinsdictionary.com/dictionary/english/telex) (last accessed October 17, 2024).



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

WL 1658211, at *2-3, (S.D.N.Y. Dec. 26, 2001) (authorizing service by publication); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80-81 (S.D.N.Y. 1980) (allowing service by telex for Iranian defendants). The Ninth Circuit emphasized that alternative service under Rule 4(f)(3) should not be treated as "extraordinary relief" or an option of "last resort," but instead should be used to enable service on "an elusive international defendant" in order to "ensure the smooth functioning of our courts of law." *Rio*, 284 F.3d at 1015, 1016.

Here, the criteria that courts have found sufficient to support email service are satisfied. First, similar to the defendant in *Rio*, Defendants relied on email communication to operate their businesses. Garrett Decl. ¶¶ 4-5. Second, Defendants' current physical addresses remain unknown despite Plaintiffs' efforts to locate them—owing to Defendants' deliberate efforts to conceal their true locations. Commerson Decl. ¶¶ 2-5. Third, Defendants have gone to elaborate efforts to use false and fraudulent documents and information to avoid detection, legal action, and service—including providing Amazon with identification documents that Plaintiffs' investigation determined were likely fraudulent. *Id*. ¶ 2.

Finally, Defendants have recently used the email addresses that Plaintiffs seek to serve in order to access their respective Amazon or financial accounts. Garrett Decl. ¶¶ 6-9; Commerson Decl. ¶ 7. Specifically, Defendant Singh registered email addresses with Amazon in order to create the Augstin Retail, Borning, and Smarktabs Selling Accounts, access Amazon's Seller Central, and conduct business through the Selling Accounts. Garrett Decl. ¶¶ 5-8. Amazon's records confirm that Defendant Singh used these email addresses to access Seller Central as recently as June 2023. *Id*. Defendant Kumar registered an email address with Amazon in order to create the Golden Store Selling Account, access Amazon's Seller Central, and conduct business through the Selling Account. Garrett Decl. ¶¶ 5, 9. Amazon's records confirm that Defendant Kumar used this email address to access Seller Central as recently as June 7, 2023. *Id*.

In addition, Defendant Singh registered an email address with Payoneer to register and log into his Payoneer financial account that was connected to his Amazon Selling Accounts.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Commerson Decl. ¶ 7. Payoneer's information confirms that Defendant Singh used that email address to access his Payoneer account as recently as February 2, 2024. *Id*. Defendant Kumar registered an email address with Payoneer to register and log into her Payoneer financial account that was connected to her Amazon Selling Account. *Id*. Payoneer's information confirms that Defendant Kumar used that email address to access her Payoneer account as recently as January 11, 2024. *Id*. Plaintiffs now seek to serve Defendants at those email addresses, as reflected in the Commerson Declaration. *Id.* ¶ 9.

According to *Rio* and many decisions of courts in this District, this evidence taken together supports email service. *Rio*, 284 F.3d at 1017-18; *see also Dafang Haojiafu Hotpot Store*, 2021 WL 4307067, at *1-2; *Sirowl Tech*., 2020 WL 7122846, at *3; *Phmn9y3v*, 2023 WL 4581812, at *4; *Ackary*, 2023 WL 4581785, at *4; *Yong*, 2023 WL 3075636, at *4; *Bamb Awns*, 2023 WL 2837076, at *3; *Qiang*, 2023 WL 7128618, at *2; *Pengyu Bldg. Materials*, 2023 WL 4131609, at *2; *Chen*, 2023 WL 7017077, at *2.

**1. Plaintiffs' Test Emails Demonstrate that Defendants' Email Accounts Remain Functional.**

Some district courts in the Ninth Circuit require plaintiffs to show that the email addresses through which they seek to effect service are still functional. Where test emails are not returned as undeliverable, these courts deem defendants' email addresses proper methods for service. *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, 2021 WL 165013, at *3 (S.D. Cal. Jan. 19, 2021) (granting leave for service via email where test emails to defendants "did not bounce back nor [were] returned as being 'undeliverable.'"); *Bright Sols.*, 2017 WL 10398818, at *7 ("Plaintiffs served Defendants [by email] and filed proofs of service. These emails did not bounce back. Service was therefore proper."); *Bamb Awns*, 2023 WL 2837076, at *3 ("Plaintiffs have identified email addresses that [d]efendants used in their online businesses, and verified that those email addresses remain active. Together, these circumstances provide sufficient indicia that Defendants are likely to receive notice if served by email."); *Yong*, 2023 WL 3075636, at *4 (same).



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Here, Plaintiffs' counsel directed test emails to be sent to Defendants' email addresses and confirmed that those addresses remain functional. Commerson Decl. ¶ 8. Courts in this District have repeatedly authorized email service when presented with this proof. *Amazon.com, Inc. v. KexleWaterFilters*, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023) (Robart, J.) (finding that service on email addresses associated with defendants' Amazon selling accounts is likely to provide defendants notice of the lawsuit where test messages received no error messages or bounce-back messages); *Yong*, 2023 WL 3075636, at *4 (same); *Ackary*, 2023 WL 4581785, at *3 (same); *Phmn9y3v*, 2023 WL 4581812, at *3-4 (same).

Under the facts of this case, email service on Defendants is not only "reasonably calculated" to apprise Defendants of the action but is, in fact, the method of service *most likely* to reach Defendants given their efforts to obfuscate and conceal their physical locations. *See Rio,* 284 F.3d at 1016-17 (observing that email service was "most likely" to reach defendant who operated an online business after plaintiff made multiple good faith yet unsuccessful attempts to serve defendant, and defendant was "striving to evade service of process").

Based on the foregoing, and under the authority presented above, service on Defendants through certain email addresses registered with Amazon and the financial services provider they used in connection with their Selling Accounts is reasonably calculated to provide Defendants with actual notice. *See Banana Ads, LLC*, 2012 WL 1038752, at *2 (email service comported with due process because defendants were "involved in commercial internet activities" and "rel[ied] on electronic communications to operate their businesses," and plaintiff had valid email addresses for defendants); *see also Dong*, No. 2:21-cv-00159, Dkts. 48 & 49 (W.D. Wash. Aug. 29, 2023) (motion seeking leave to serve defendants via email address registered in connection with defendants' virtual bank accounts and order granting same). Plaintiffs respectfully request that the Court authorize service of the Summons and the Complaint (as well as this motion and pleadings in support) on Defendants through the email addresses listed in the Declaration of Scott Commerson. Commerson Decl. ¶ 9.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Plaintiffs will use an online service, RPost (www.rpost.com), that provides proof of authorship, content, delivery, and receipt. *Id.* Following the Court's approval, Plaintiffs will provide the Court with confirmation of completed service by email.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court authorize Plaintiffs to serve Defendants by registered email through certain email addresses associated with their Selling Accounts and Payoneer.

DATED this 24th day of October, 2024.

*I certify that this memorandum contains 3,622 words, in compliance with the Court's Order permitting an over-length brief. See Dkt 15.*

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*s/ Scott Commerson*
Scott Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com