UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC. et al., <br><br> Plaintiffs, <br> v. <br><br> AMANDEEP SINGH et al., <br><br> Defendants. | CASE NO. 2:24-cv-01464-LK <br><br> ORDER REQUESTING SUPPLEMENTAL BRIEFING |

This matter comes before the Court on the motion of Plaintiffs Amazon.com, Inc., Amazon.com Services LLC, and The Thought & Expression Co. d/b/a Thought Catalog for entry of default against Defendants Amandeep Singh and Bhushan Kumar. Dkt. No. 21. Plaintiffs aver that they have properly served Defendants via email as authorized by the Court and that Defendants have failed to respond to the emails or file a responsive pleading to Plaintiffs' complaint. *Id*. at 1–2; *see also* Dkt. No. 19 at 1–2 (authorizing Plaintiffs to serve Defendants via certain email addresses). For the following reasons, the Court requests supplemental briefing from Plaintiffs.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 1

affidavit or otherwise, the clerk must enter the party's default." This District's Local Civil Rules also require that the moving party submit an affidavit "specifically show[ing] that the defaulting party was served in a manner authorized by [Federal Rule of Civil Procedure] 4." LCR 55(a); *see also Quinteros v. InnoGames*, No. C19-1402-RSM, 2020 WL 995854, at *2 (W.D. Wash. Mar. 2, 2020). Absent such a showing, the Clerk cannot "enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend." LCR 55(a).

Here, Plaintiffs state that they "successfully served Defendants via email on October 25, 2024," but Defendants did not respond to those emails and have not otherwise "appeared in this action personally or through counsel," "filed or served an answer in this action during the time provided by Rule 12 of the Federal Rules of Civil Procedure," or "indicated any intent to participate in this litigation." Dkt. No. 21 at 2. In support of their motion, Plaintiffs cite a certificate of service by their counsel Scott Commerson, who states that he served the complaint, accompanying exhibits, civil cover sheet, summons, and the Court's October 24, 2024 Order on Singh and Kumar "via RPost" at the following email addresses: to Singh at "goodwill.panorama@gmail.com, retailagustin@gmail.com, borningllc.panorama@gmail.com, and smarktabs.panorama@gmail.com," and to Kumar at "surajaggarwaltraders2@gmail.com, and goldenstore.panorama@gmail.com." Dkt. No. 20 at 1–2. Commerson further certifies that "RPost confirmed delivery of the service emails without any error notices or bounce back messages." *Id.* at 2. However, neither Commerson's certificate of service nor Plaintiffs' motion for entry of default include any explicit proof (such as copies of RPost's delivery confirmations) showing that service was actually accomplished. *See generally id.* Such proof of service is required before the Court will enter default against any party. *Johnson v. Salas*, No. 2:11-CV-02153 MCE KJN, 2012 WL 1158856, at *4 (E.D. Cal. Apr. 6, 2012) ("Because default judgments generally are disfavored,

courts have required strict compliance with the legal prerequisites establishing the court's power to render the judgment." (cleaned up)); *see also In re Iskric*, 496 B.R. 355, 359 (Bankr. M.D. Pa. 2013) ("Proper service of process is particularly important in the default judgment context" because "'[a] default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside.'" (quoting *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985))).

Accordingly, Plaintiffs are ORDERED to submit supplemental briefing within 14 days of this Order with proof that Defendants were properly served.

Dated this 2nd day of December, 2024.

Lauren King
United States District Judge